```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JUSTIN BULLOCK, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/30/2023 |

JUSTIN BULLOCK,

               Plaintiff,

-against-                                                        23 Civ. 3491 (AT)

Old-Growth Again Restoration Forestry, Inc.,                    **ORDER**

               Defendant.

ANALISA TORRES, District Judge:

       On April 26, 2023, Plaintiff, Justin Bullock, commenced this action against Defendant, Old-Growth Again Restoration Forestry, Inc., alleging that Defendant's website forreverredwood.com was not fully accessible to blind and visually impaired persons in violation of the Americans with Disabilities Act. ECF No. 1. The Court ordered the parties to submit a joint letter and proposed case management plan by June 26, 2023, and later extended the deadline to August 10, 2023, on Plaintiff's request. ECF Nos. 5, 9. The parties, however, failed to submit anything to the Court.

       On August 11, 2023, the Court ordered the parties to submit the joint letter and case management plan, or Plaintiff to advise the Court of his intentions with respect to prosecuting the action, by September 11, 2023. ECF No. 10. On September 12, 2023, having received no submissions, the Court extended the deadline to September 26, 2023, and warned Plaintiff that failure to comply would result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). ECF No. 11. On September 28, having again received no submissions, the Court extended the deadline to October 30, 2023, and again advised Plaintiff that failure to comply would result in dismissal of the action. ECF No. 12. Plaintiff again failed to respond. Finally, on October 30, 2023, the Court ordered Plaintiff, by November 17, 2023, to "show[] cause why this action should not be dismissed for his repeated failure" to prosecute and comply with the Court's orders. ECF No. 13. This deadline has now passed, and Plaintiff has neither submitted such a letter nor taken any other action since moving to extend the initial deadline in June 2023, over five months ago.

       Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

       Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiff has failed to prosecute this action, as evinced by his failure to respond to or comply with court orders. Plaintiff has further failed to communicate with the Court during the pendency of this matter. The length of this delay is significant enough to weigh in favor of dismissal. *See Peters-Turnbull v. Bd. of Educ.*, No. 96 Civ. 4914, 1999 WL 959375, at *2–3 (S.D.N.Y. Oct. 20, 1999) (noting that delay of five to ten months falls "comfortably within the time frames found sufficient" for dismissal). Second, the Court expressly warned Plaintiff that failure to comply with its orders would result in dismissal for failure to prosecute. ECF Nos. 11–13. Third, because Plaintiff has not communicated with the Court since June 2023 and has not provided good cause for his absence, the Court may presume prejudice to Defendants resulting from the "unreasonable delay" in prosecution of this matter. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Wan v. U.S. Postal Serv.*, No. 17 Civ. 1560, 2018 WL 1785485, at *4 (E.D.N.Y. Apr. 13, 2018). Fourth, as to docket management, "it is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that [plaintiff] will reappear in the future." *Ikpemgbe v. New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (cleaned up). Finally, dismissal is appropriate where the Court "has no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo*, No. 13 Civ. 2477, 2015 WL 13745762, at *9 (S.D.N.Y. Sept. 22, 2015) (cleaned up). Here, given that Plaintiff has failed to communicate with this Court for over five months, despite repeated warnings of the consequences, there is no reason to find that a lesser sanction would spur Plaintiff to prosecute the case.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: November 30, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge